DANIEL W. MAGUIRE (SBN 120002)
E-mail:  dmaguire@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Telephone:  (213) 236-0600
Facsimile:   (213) 236-2700

Attorneys for Defendants
Hartford Life and Accident Insurance
Company and Safeway Group Health Plan 501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY HEYMANN,<br><br>   Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; SAFEWAY GROUP HEALTH PLAN 501,<br><br>   Defendants. | CASE NO.  CV 08-2540 PJH<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND SAFEWAY GROUP HEALTH PLAN 501** |

   Defendants Hartford Life and Accident Insurance Company ("Hartford") and Safeway Group Health Plan 501 ("Plan") hereby answer the Complaint of Plaintiff Anthony Heymann, by admitting, denying, and alleging as follows:

   1.   Responding to the allegations of Paragraph 1, Defendants allege that federal jurisdiction is invoked by virtue of a federal question arising under the Employee Retirement Income Security Act of 1974 ("ERISA").  Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

/ / /

2.  Responding to the allegations of Paragraph 2, Defendants allege that venue is proper in the Northern District of California. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

3.  Responding to the allegations of Paragraph 3, Defendants allege that Plaintiff exhausted his administrative remedies under the Plan. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

4.  Responding to the allegations of Paragraph 4, the Plan is an employee welfare benefit plan established and maintained by Safeway, Inc. for the purposes of providing benefits to its participants and their beneficiaries, and Safeway, Inc. is the designated Plan administrator for the Plan. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

5.  Responding to the allegations of Paragraph 5, Defendants allege that Hartford is a corporation organized and existing under the laws of the State of Connecticut, and maintains its principal place of business in the Town of Simsbury, Connecticut. At all times relevant to this action, Hartford is and was authorized to transact the business of insurance within the State of California, and acted as claims administrator for the long-term disability benefits under the Plan during the time its Policy No. GLT-034594 issued to Safeway, Inc. was in force and effect. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

/ / /

/ / /

6. Responding to the allegations of Paragraph 6, Defendants allege, on information and belief, that Plaintiff was employed by Safeway from 1983 through approximately March 27, 2001. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

7. Responding to the allegations of Paragraph 7, Defendants allege that Hartford issued its Group Long-Term Disability Insurance Policy No. GLT 034594 to Safeway, Inc. The terms, conditions, and limitations of the policy are set forth in the policy document and certificate, which speak for themselves, and are the best evidence of their content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

8. Responding to the allegations of Paragraph 8, Defendants allege that the terms of the LTD policy speak for themselves, and are the best evidence of their content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

9. Responding to the allegations of Paragraph 9, Defendants allege that Plaintiff was employed with Safeway, Inc. as a courtesy clerk in 1983, and was working at Safeway as a store manager at the time he left work on or about March 27, 2001. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

10. Responding to the allegations of Paragraph 10, Defendants allege, on information and belief, that Plaintiff submitted a claim alleging disability under the terms of the Plan due to back pain, and that his treating physician at the time was Robert Lieberson, M.D. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

11. Responding to the allegations of Paragraph 11, Defendants allege that Hartford's January 29, 2002 letter speaks for itself, and is the best evidence of its content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

12. Responding to the allegations of Paragraph 12, Defendants allege that Plaintiff's benefits were discontinued on several occasions for Plaintiff's failure to comply with the proof of loss and proof of claim provisions of the policy, and for failure to provide requested information. Defendants further allege that benefits were reinstated on each of those occasions upon Plaintiff's compliance with the policy requirements and these requests. Defendants further allege that Plaintiff's benefits under the policy were terminated effective January 19, 2007 on the basis that Plaintiff no longer satisfied the definition of total disability under the policy and under the Plan. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

13. Responding to the allegations of Paragraph 13, Defendants allege that information regarding the treatment received by Plaintiff from February 2002 through January 2006 is contained in the medical records submitted to Hartford in adjudicating Plaintiff's claim for disability, that these records are contained in Hartford's administrative record, and that the records speak for themselves, and are the best evidence of their content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

14. Responding to the allegations of Paragraph 14, Defendants allege that as part of its full and fair review of Plaintiff's ongoing claim for benefits, it requested a medical review from a vendor known as Medical Advisory Group ("MAG"). In response to this request, MAG assigned a physician, Todd J. Lyon,

1  M.D., to conduct the review. Defendants allege that Dr. Lyon was fully qualified to
2  offer the opinions on which his conclusions were based. Defendants deny that the
3  opinions of Dr. Lyon should be viewed with any skepticism whatsoever, as they are
4  the product of independent, objective medical analysis. Except as expressly
5  admitted or alleged herein, answering Defendants deny each and every allegation of
6  said paragraph.

8  15. Responding to the allegations of Paragraph 15, Defendants allege that
9  Plaintiff's benefits were terminated effective January 19, 2007 on the basis that he
10 no longer satisfied the policy definition of total disability. Said determination to
11 terminate Plaintiff's benefits was fully supported by the evidence, and followed a
12 full, fair, and impartial review of the ongoing claim. Hartford's letter of
13 January 30, 2007 speaks for itself, and is the best evidence of its content. Except as
14 expressly admitted or alleged herein, answering Defendants deny each and every
15 allegation of said paragraph.

17 16. Responding to the allegations of Paragraph 16, Defendants allege that
18 Plaintiff claims to have undergone an additional surgery on May 27, 2007, but that
19 records of that surgery were not submitted by Plaintiff or his physician to
20 Defendants for consideration. Except as expressly admitted or alleged herein,
21 answering Defendants deny each and every allegation of said paragraph.

23 17. Responding to the allegations of Paragraph 17, Defendants allege that
24 the medical records of Dr. Lieberson speak for themselves, and are the best
25 evidence of their content. Except as expressly admitted or alleged herein,
26 answering Defendants deny each and every allegation of said paragraph.
27 / / /
28 / / /

18. Responding to the allegations of Paragraph 18, Defendants allege that Dr. Lieberson's April 19, 2007 letter speaks for itself, and is the best evidence of its content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

19. Responding to the allegations of Paragraph 19, Defendants allege that Dr. Lieberson's April 25, 2007 Physician's Progress Report speaks for itself, and is the best evidence of its content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

20. Responding to the allegations of Paragraph 20, Defendants allege that Mr. Heymann's May 7, 2007 note speaks for itself, and is the best evidence of its content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

21. Responding to the allegations of Paragraph 21, Defendants allege that the records of ValleyCare Medical Center on or about May 25, 2007 speak for themselves, and are the best evidence of their content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

22. Responding to the allegations of Paragraph 22, Defendants allege that Hartford's July 10, 2007 letter to Mr. Heymann speaks for itself, and is the best evidence of its content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

23. Responding to the allegations of Paragraph 23, Defendants allege that as part of its full and fair review of Plaintiff's appeal of the termination of benefits,

Hartford referred the file for another medical opinion to a different third party vendor, University Disability Consortium ("UDC"). Defendants deny that this review was not independent, and further deny that the Court should view the UDC review with skepticism. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

24. Defendants deny each and every allegation of Paragraph 24.

25. Responding to the allegations of Paragraph 25, Defendant Hartford alleges, to the best of its knowledge, as follows: In 2002, Hartford referred 1,425 claims to UDC for review and paid UDC a total of $1,379,860 for its services. In 2003, Hartford referred 1,575 claims to UDC for review and paid UDC a total of $1,807,054 for its services. In 2004, Hartford referred 2,185 claims to UDC for review and paid UDC a total of $2,781,328 for its services. Responding to the allegations of Paragraph 25, Defendant Plan lacks sufficient information on which to form a belief as to the truth of these allegations. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

26. Responding to the allegations of Paragraph 26, Defendant Hartford is informed and believes that Dr. Pick is a medical doctor specializing in orthopedics and was qualified to review the records sent to him relating to Plaintiff. Defendant Plan lacks sufficient information upon which to form a belief as to the truth of these allegations. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

27. Responding to the allegations of Paragraph 27, Defendants allege that following a full and fair review of Mr. Heymann's appeal of the termination of

1  benefits, the determination to terminate his benefits was upheld and this decision
2  was communicated to Mr. Heymann by Hartford through a letter of August 7, 2007,
3  which speaks for itself, and is the best evidence of its content. Except as expressly
4  admitted or alleged herein, answering Defendants deny each and every allegation of
5  said paragraph.

7       28.    Responding to the allegations of Paragraph 28, Defendants allege that
8  Plaintiff's benefits under the policy were discontinued effective January 19, 2007.
9  Defendants deny that the decision to terminate those benefits was arbitrary or
10  capricious. Except as expressly admitted or alleged herein, answering Defendants
11  deny each and every allegation of said paragraph.

13       29.    Defendants deny each and every allegation of Paragraph 29.

15       30.    Defendants deny each and every allegation of Paragraph 30.

17       31.    Defendants deny each and every allegation of Paragraph 31.

19       32.    Responding to the allegations of Paragraph 32, Defendants
20  acknowledge that a controversy exists between the parties as to whether Plaintiff is
21  entitled to further LTD benefits on or after January 19, 2007. Further responding,
22  Defendants allege that said paragraph contains a purported statement of law, or a
23  legal position, and does not contain factual allegations requiring a response.

## **FIRST AFFIRMATIVE DEFENSE**

27       33.    The Complaint and each of its alleged causes of action fails to state a
28  claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

34. Plaintiff's claims should be dismissed because Defendants discharged their duties with respect to the Plan solely in the interest of Plan participants and beneficiaries and, in so doing, acted in accordance with the documents and instruments governing the Plan.

## THIRD AFFIRMATIVE DEFENSE

35. Plaintiff's claims should be dismissed because Defendants did not act arbitrarily or capriciously in administering Plaintiff's claim, but rather acted reasonably, on the basis of substantial evidence, and in accordance with the documents and instructions governing the Plan.

## FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims should be dismissed because he was not disabled in accordance with the terms and provisions of the Plan.

## FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims should be dismissed because he failed to demonstrate his continued eligibility for benefits under the terms and provisions of the Plan.

## SIXTH AFFIRMATIVE DEFENSE

38. To the extent Plaintiff claims extra-contractual and/or punitive damages in his Complaint, they are not permitted under ERISA.

## SEVENTH AFFIRMATIVE DEFENSE

39.   To the extent that Plaintiff seeks recovery under state law, such claims are preempted by ERISA.

## EIGHTH AFFIRMATIVE DEFENSE

40.   To the extent that Plaintiff seeks entitlement to benefits, which Defendants dispute, Defendants are entitled to bar the claim and/or set-off any additional other income benefits that should be taken into account in calculating his LTD benefits, including but not limited to any benefits he has received from the Social Security Administration or Workers' Compensation Appeals Board.

## NINTH AFFIRMATIVE DEFENSE

41.   Plaintiff's Complaint contains numerous references to Court decisions in other cases involving Hartford which appear to be calculated solely to prejudice Defendants and are not asserted for any proper purpose.  As such, footnotes 10 and 11 constitute immaterial, impertinent or scandalous matter that should be stricken.

WHEREFORE, these answering Defendants pray judgment:

1.   That Plaintiff take nothing by reason of his Complaint;

2.   For costs of suit incurred herein, including attorneys' fees; and

/ / /

/ / /

/ / /

    3.    For such other and further relief as the Court may deem just and proper.

DATED: August 1, 2008    BURKE, WILLIAMS & SORENSEN, LLP
DANIEL W. MAGUIRE

By: */s/ Daniel W. Maguire*
DANIEL W. MAGUIRE
Attorneys for Defendants
Hartford Life and Accident Insurance Company and Safeway Group Health Plan 501

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4824-1159-4498 v1

- 11 -

CASE NO. CV 08-2540 PJH
ANSWER TO COMPLAINT BY DEFENDANTS