FRANK N. DARRAS (SBN 128904)
E-Mail: fdarras@sbdelaw.com
LISSA A. MARTINEZ (SBN 206994)
E-Mail: lmartinez@sbdelaw.com
SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
3257 East Guasti Road
Ontario, CA 91761
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiff Anthony Heymann

DANIEL W. MAGUIRE (SBN 120002)
E-mail: dmaguire@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: (213) 236-0600
Facsimile: (213) 236-2700

Attorneys for Defendants
Hartford Life and Accident Insurance Company and
Safeway Group Health Plan 501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| ANTHONY HEYMANN, | CASE NO. C 08-2540 PJH |
|---|---|
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| v. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; SAFEWAY GROUP HEALTH PLAN 501, | Conference Date: August 28, 2008<br>Time: 2:30 p.m.<br>Ctrm: 3 |
| Defendants. | |

Counsel for Plaintiff Anthony Heymann and Defendants Hartford Life and Accident Insurance Company ("Hartford") and Safeway Group Health Plan 501 ("Plan") met and conferred on the subjects required for this report, and provide the following statement:

1. **Jurisdiction and Service:**

Federal jurisdiction is invoked by a federal question arising under the Employee Retirement Income Security Act of 1974 ("ERISA"). All Defendants named in the Complaint have been served and have appeared. No other parties remain to be served or named.

2. **Facts:**

This is an ERISA disability benefit recovery action filed by Plaintiff Anthony Heymann ("Heymann") who was employed by Safeway as a store manager. Safeway established and maintains an ERISA plan which was funded in part for disability benefits through a policy of insurance issued by Hartford to Safeway.

Mr. Heymann left work on March 27, 2001, and submitted a claim for disability under the policy based on a back condition. Hartford approved the claim, and benefits were paid through January 2007. At that time, Hartford determined that Mr. Heymann no longer satisfied the definition of disability under the policy. He appealed that determination, but following the exhaustion of his administrative remedies, the benefit termination was upheld. This lawsuit followed. The principal factual issue is whether Mr. Heymann qualifies for further disability benefits under the policy after January 2007.

3. **Legal Issues:**

The Hartford policy contains discretionary language. Defendants contend that the Court will review the claim determination under a deferential "arbitrary and capricious" standard of review. Plaintiff acknowledges the standard of review, but contends that the deference afforded to the claim decision should be lessened by reason of a conflict of interest. *Metropolitan Life v. Glenn*, ____U.S.____, 128 S. Ct. 2343 (2008).

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4813-0659-8658 v1

- 2 -

CASE NO. C 08-2540 PJH
JOINT CASE MANAGEMENT STATEMENT

4. **Motions:**

No motions are currently pending. The parties anticipate briefing all issues including the standard of review in a trial brief, but each party reserves the right to file a separate motion to address the standard of review.

5. **Amendment of Pleadings:**

None anticipated.

6. **Evidence Preservation:**

Plaintiff has taken the following steps to preserve evidence: Plaintiff has not implemented any formal document retention policy but will provide copies of all relevant documents to Defendant regarding any deductible income.

Defendants have implemented a document retention policy which is in force in this case, and includes the preservation of electronically recorded information and material.

7. **Disclosures:**

The parties are in the process of assembling materials for full and timely disclosure under F.R.C.P. 26. It is anticipated that these disclosures will be made prior to the Case Management Conference. Plaintiff anticipates these disclosures to include medical records, policy and plan documents, and other evidence relating to Plaintiff's claim. Defendants' initial disclosures will consist of the administrative record.

8. **Discovery:**

No discovery has been taken to date. Following a review of the initial disclosures of the respective parties, Plaintiff may elect to propound written discovery to explore the issues of conflict of interest and standard of review

referenced in Paragraph 3 above. Said discovery is anticipated to be completed within four months of the Case Management Conference, and a discovery cutoff of December 31, 2008 is proposed by the parties.

9. **Class Actions:**

   Not applicable.

10. **Related Cases:**

    None.

11. **Relief:**

    Plaintiff seeks the recovery of long-term disability benefits from January 2007 to date of trial, and a declaration of disability, together with attorney's fees under ERISA § 502(g) and costs of suit. Defendants seek recovery of their respective attorney's fees and costs of suit, together with a declaration that Plaintiff is entitled to no further benefits under the policy.

12. **Settlement and ADR:**

    Following the review of their respective initial disclosures, the parties intend to explore the subject of settlement informally, followed by the scheduling of a mediation before a private mediator or retired judge, should informal negotiations not result in settlement. Other than the exchange and review of initial disclosures, the parties do not anticipate the need for decisions on any motions, or the responses to any discovery prior to engaging in meaningful settlement discussions.

13. **Consent to Magistrate Judge For All Purposes:**

    The parties respectfully decline to consent to the Magistrate Judge for the conduct of all further proceedings.

**14. Other References:**

Not applicable.

**15. Narrowing of Issues:**

Although the issue of standard of review could potentially be decided separately from the factual issues in the case, the parties believe that judicial economy would best be served by considering these issues together. However, depending upon the nature and volume of discovery on the conflict of interest issue, it may be more practical to consider the conflict issue in advance of trial.

**16. Expedited Schedule:**

Not applicable.

**17. Scheduling:**

As an ERISA benefit recovery action, the Court's review will be limited to the administrative record, other than for purposes of determining whether the deference afforded to Defendants under the terms of the Plan should be lessened by reason of conflict of interest. Neither party anticipates designation of any experts, or live witnesses at trial. Further, because of the nature of ERISA benefit recovery actions, the parties believe the Pre-Trial Conference should be waived in favor of the mutual exchange of trial briefs. Based on the above, the parties propose the following schedule:

| | |
|---|---|
| Trial: | February 2009 |
| Exchange of opening briefs: | 5 weeks prior to trial |
| Lodging of administrative record: | 5 weeks prior to trial |
| Mutual exchange of opposition briefs: | 3 weeks prior to trial |
| Mutual exchange of reply briefs: | 1 week prior to trial |

| | |
|---|---|
| Discovery cutoff: | December 31, 2008 |
| Last day to add parties: | September 2, 2008 |
| Pre-Trial Conference: | Waived |
| Dispositive motion hearing deadline: | December 31, 2008 |
| Mediation completion deadline: | December 31, 2008 |

**18. Trial:**

This Court trial is expected to last one-half day.

**19. Disclosure of Non-Party Interested Entities or Persons:**

The parties have filed the required Certification of Interested Entities or Persons under Civil Local Rule 3-16. Other than these disclosures, neither party is aware of any other persons, firms, partnerships, corporations or entities known to have a financial interest in the subject matter in controversy or any party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. Other Matters:**

None.

Respectfully submitted,

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| DATED: August 21, 2008 | SHERNOFF BIDART DARRAS ECHEVERRIA, LLP<br>FRANK N. DARRAS<br>LISSA A. MARTINEZ<br><br>By: /s/ *Frank N. Darras*<br>    FRANK N. DARRAS<br>    Attorneys for Plaintiff Anthony Heymann |
| DATED: August 21, 2008 | BURKE, WILLIAMS & SORENSEN, LLP<br>DANIEL W. MAGUIRE<br><br>By: /s/ *Daniel W. Maguire*<br>    DANIEL W. MAGUIRE<br>    Attorneys for Defendants<br>    Hartford Life and Accident Insurance Company and Safeway Group Health Plan 501 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4813-0659-8658 v1

- 7 -

CASE NO. C 08-2540 PJH
JOINT CASE MANAGEMENT STATEMENT